WESTERN DIST.
October, 1836.

BRANDER ET AL.
vs.
FLINT,
CURATOR, ETC.

=============

## BRANDER ET AL. *vs.* FLINT, CURATOR, &c.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

The plaintiffs, on an affidavit of one of their attorneys, applied for a continuance, on the ground that he was advised the testimony of a certain witness was material, whose evidence could not be procured in time by reasonable diligence; that he was in *hopes* to sustain the charge of malversation in office against the defendant, by this witness and others, &c.: *Held*, that the affidavit was insufficient, as the attorney did not swear to his *belief* of the materiality of the evidence, nor that he *expects* to prove the facts alleged, or satisfy the court that the testimony of the absent witnesses will be produced at the next term, or by whom he is advised of these matters, and that he *hopes*, but does not swear, that he *expects* or will be able to prove his allegations.

This is an opposition, on the part of the plaintiffs, to the re-appointment of a curator of a vacant estate.

The defendant, as curator of the vacant succession of Merriam & Boaddus, filed a provisional tableau of his administration, and prayed for the prolongation of his term for another year.

WESTERN DIST.
October, 1836.

BRANDER ET AL.
vs.
FLINT,
CURATOR, ETC.

The plaintiffs opposed the tableau, on various grounds, and especially the re-appointment of the curator. They allege, that they are creditors of the succession he administers to a large amount, and that he has been guilty of malversation in office, in appropriating the funds of the estate to his private use; that he has kept no bank book, to show that the funds are deposited in bank, as is required by law. They pray that his application be overruled, and that he be removed from office, &c.

On the day fixed for the trial of the cause, the counsel for the plaintiffs moved for a continuance on the affidavit of one of their attorneys, stating "that he is advised that Thomas Barrett, of New-Orleans, is a material and competent witness for the plaintiffs; that his testimony could not be procured at this term, since the filing of the opposition, by any reasonable diligence; that he *hopes* to sustain the charge of Mr. Flint having appropriated the funds of the estate of Merriam & Broaddus to his own private uses, by the testimony of the said Barrett, *and other evidence.* The other evidence, as affiant is *advised,* would not be material without the evidence of Barrett," &c.

This application was overruled, and the continuance disallowed by the court.

The defendant was then permitted to file an amended and supplemental tableau and account of his administration, in obedience to an order of court, and on a renewal of his request, he was re-appointed curator for another year. From this judgment of the Court of Probates the plaintiffs appealed.

*Winn* and *Barry,* for the plaintiffs.

*Dunbar, contra.*

*Bullard, J.,* delivered the opinion of the court.

The only question which this case properly presents for our solution is, whether a continuance was properly refused in the court below.

WESTERN DIST.
October, 1836.

BRANDER ET AL.
vs.
FLINT,
CURATOR, ETC.

The appellee having filed his account of administration, which appeared satisfactory to the Court of Probates, prayed for a prolongation of his term for another year, on the ground that he had not fully administered, and that the interest of the estate required an extension of his term. The appellants, creditors of the estate, opposed his prayer, on the allegation, principally, that he had appropriated the funds of the estate to his private use, and pray that he may be dismissed from the curatorship.

One of the attorneys of the opposing creditors made oath, that he was *advised* that Thomas Barrett, of New-Orleans, was a material and competent witness on the part of the opponents; that his evidence could not have been procured since the filing of the opposition by any reasonable diligence; that he *hopes* to sustain the charge of Mr. Flint having appropriated the funds of the estate to his private uses, by said Barrett and other evidence. The other evidence, the affiant is advised, would not be material without the evidence of Barrett; that the affidavit is not made for delay, but ·to effect the ends of justice, and that the opponents are absent from the parish.

We are of opinion that this affidavit did not set forth sufficient legal grounds for a continuance; the attorney does not swear to his belief of the materiality of the evidence, nor that he expects to prove the facts alleged; nor does he satisfy the court that the testimony of the absent witness will be produced at the next term of the court; nor does he state by whom he is informed or advised of these matters; and he hopes to sustain the charge of malversation, but does not swear that he expects or believes he will be able to do so. 1 *Martin, N. S.*, 343.   4 *Ibid.*, 127.   3 *Ibid.*, 293.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

*The plaintiffs, on an affidavit of one of their attorneys, applied for a continuance, on the ground, that he was advised the testimony of a certain witness was material, whose evidence could not be procured in time by reasonable diligence; that he was in hopes to sustain the charge of malversation in office against the defendant, by this witness and others, &c.: Held, that the affidavit was insufficient, as the attorney did not swear to his belief of the materiality of the evidence, nor that he expects to prove the facts alleged, or satisfy the court that the testimony of the absent witnesses will be produced at the next term, or by whom he is advised of these matters, and that he hopes, but does not swear, that he expects or will be able to prove his allegations.*